# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHIRLEY SMITH and JOHN SMITH,

    Plaintiffs,

        v.

GEICO,

    Defendant.

NO. 3:10-CV-1085

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is the Notice of Removal of Defendant GEICO. (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Defendant alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it lacks subject matter jurisdiction).

Here, Defendant fails to demonstrate the requirements of federal subject matter jurisdiction. In viewing the Notice of Removal and the underlying Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business. GEICO fails to properly allege its citizenship. Defendant only alleges that its principal place of business is in Virginia, without specifying the state in which it is incorporated. Without knowing the state of incorporation and the principal place of business, citizenship cannot be determined, and therefore diversity jurisdiction is not properly alleged. The party asserting diversity jurisdiction bears the burden of proof to show complete diversity exist; "[a] party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). GEICO has not met its burden in this instance.

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, this Court will remand this case to the Court of Common Pleas of Lackawanna County, where it was originally filed.

**NOW**, this  25th  day of May, 2010, **IT IS HEREBY ORDERED THAT** this matter is **REMANDED** to the Court of Common Pleas of Lackawanna County.  The Clerk of the Court shall mark this case **CLOSED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge